IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-631-RJC-DCK

| | |
|---|---|
| RANDALL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION AND |
| ) | ORDER |
| TOWN OF CRAMERTON, a municipal ) | |
| corporation, DAVID PUGH, Town of ) | |
| Cramerton Manager, in his Official and ) | |
| Individual Capacity, WILL CAUTHEN, ) | |
| Town of Cramerton Mayor, in his Official ) | |
| and Individual Capacity, DEMETRIOS ) | |
| KOUTSOUPIAS, Town of Cramerton ) | |
| Mayor Pro Tempore and Commissioner, in ) | |
| his Official and Individual Capacity, ) | |
| HOUSTON HELMS, Town of Cramerton ) | |
| Commissioner, in his Official and ) | |
| Individual Capacity, SUSAN NEELEY, ) | |
| Town of Cramerton Commissioner, in her ) | |
| Official and Individual Capacity, ) | |
| DONALD RICE, Town of Cramerton ) | |
| Commissioner, in his Official and ) | |
| Individual Capacity, and DIXIE ) | |
| ABERNATHY, Town of Cramerton ) | |
| Commissioner, in her Official and ) | |
| Individual Capacity. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion to Dismiss" (Document No. 13). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is now ripe for disposition. Having carefully considered the arguments,

the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted in part and denied in part.

In summary, for the reasons stated below, all causes of action against the individual Defendants – in both their official and individual capacities – should be dismissed. Causes of Action Two, Three, and Four against Defendant Town of Cramerton should also be dismissed. Causes of Action One, Five, Six, and Seven against Defendant Town of Cramerton should survive at this stage of the litigation.

## I. BACKGROUND

Plaintiff Randall Smith ("Plaintiff" or "Smith") was employed by the Town of Cramerton from on or about February 2, 1982 until November 19, 1992, as a Reserve Police Officer. (Document No. 1, ¶ 16); see also (Document Nos. 1-2 and 1-3). From November 19, 1992, to June 30, 2010, Mr. Smith was employed by the Town of McAdenville as a regular full-time Law Enforcement Officer. (Document No. 1, ¶¶ 24, 41). Plaintiff was again employed by the Town of Cramerton from July 1, 2010, until on or about July 30, 2018, where he worked as a patrol officer until August 2017, and was then reassigned as a School Resource Officer with the Cramerton Police Department. Id. at ¶¶ 41, 43, 45).

Mr. Smith's retirement from the Cramerton Police Department took effect on August 1, 2018. Id. at ¶ 46. At the time of his retirement, Mr. Smith had over twenty-five years of full-time, paid employment and over thirty-six years of total employment, including eleven years as a Reserve Officer, with the Towns of McAdenville and Cramerton. Id. at ¶¶ 53–54.

On December 7, 2004, the Town of Cramerton adopted a resolution creating the "Retiree's Health Benefit" (the "Benefit") to "pay 100% of the health insurance premiums of any retiree with 25 years of service until the age of 65." Id. at ¶ 26. There is disagreement as to whether the Benefit

was amended. Pleading in the alternative, Plaintiff alleges that the Benefit was either amended to require thirty years of service in July of 2005 or September of 2010, or was not duly amended at all. Id. at ¶¶ 29,30,35. The term "service" is not defined in either the Town of Cramerton's policies or the meeting minutes implementing the Benefit. Id. at ¶ 28.

On July 1, 2010, the Town of McAdenville entered into an Interlocal Cooperation Agreement (the "Agreement") dissolving its police department and allowing the Cramerton Police Department ("CPD") to be the primary provider of police services for both towns. Id. at ¶¶ 36, 38(c); see also (Document No. 1-4). The Agreement incorporated an Implementation Plan (the "Plan"), in which the Town of Cramerton agreed to assume the then "current McAdenville Police Department ("MPD") full-time employees," including Mr. Smith. Id. at ¶¶ 37, 39(a); see also (Document No. 1-5). The Plan provided that current MPD personnel "would comply with . . . Town of Cramerton Personnel Policies to include salary and benefits" and "would enjoy their current years of service at CPD with salaries commensurate to current CPD officers. . . ." Id. at ¶ 39(b). The term "service" is not defined in the Agreement or the Plan. Id. at ¶ 40.

Plaintiff filed a Complaint with this Court on November 26, 2018. Id. The crux of the Complaint is that Defendants have failed to provide Plaintiff health insurance in accordance with the Benefit. Id. at ¶ 55. The Complaint asserts causes of action against Defendant Town of Cramerton ("Town of Cramerton") and seven individually listed town officials ("Town Officials"), including: David Pugh, Town of Cramerton Manager; Will Cauthen, Town of Cramerton Mayor; Demetrios Koutsoupias, Town of Cramerton Mayor Pro Tempore and Commissioner; Houston Helms, Town of Cramerton Commissioner; Susan Neeley, Town of Cramerton Commissioner; Donald Rice, Town of Cramerton Commissioner; and Dixie Abernathy, Town of Cramerton

3

Commissioner. (Document No. 1). The claims against Town Officials are in both their official and individual capacities. Id. at 1.

The Complaint asserts seven Causes Of Action: (1) Pursuant to 42 U.S.C. § 1983, a violation of Procedural and Substantive Due Process under the Fourteenth Amendment of the U.S. Constitution; (2) Pursuant to 42 U.S.C. § 1983, a violation of Article I, Section 10, the Contracts Clause of the U.S. Constitution; (3) A violation of Article I, Section 19, the Law of the Land Clause of the North Carolina Constitution; (4) A violation of Article I, Section 1, the Fruits of Your Own Labor Clause of the North Carolina Constitution; (5) Breach of Contract; (6) Breach of Contract, Third Party Beneficiary; and (7) Breach of the Implied Covenant of Good Faith and Fair Dealing. (Document No. 1, ¶¶ 56-168). Each Cause of Action is asserted as to all Defendants.

"Defendants' Motion to Dismiss" (Document No. 13) was filed on January 25, 2019. Defendants seek "dismissal of all of Plaintiff's causes of action except Plaintiff's cause of action for violation of Substantive Due process pursuant to the Fourteenth Amendment. . . ." (Document No. 13-1, p. 2). "Plaintiff's Response to Defendants' Motion to Dismiss" (Document No. 17) was filed on February 15, 2019. Defendants' "Memorandum of Law in Support of Defendants' Partial Motion to Dismiss" (Document No. 18) was filed on February 22, 2019.

The pending motion has been fully briefed and is ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A

complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it states "enough facts" to "raise a right to relief above the speculative level" and "states a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and must assert more than the "sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (quoting Twombly, 550 U.S. at 555–56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Town Officials**

Defendants first move to dismiss "all claims alleged against the individually named persons in both their individual and official capacities." (Document No. 13, p. 1). The undersigned will respectfully recommend that Defendants' motion be granted as to the individual Defendants.

**1. Official Capacity**

In support of dismissal, Defendants first argue that Plaintiff's claims against Town Officials in their official capacities are "duplicative, redundant, and unnecessary" because they are really just claims against the Town. (Document No. 13-1, p. 9). Defendants rely on Hill v. Robeson County to note that "[a] claim against a government employee in his official capacity is tantamount to a claim against the government entity for which he works and should be dismissed as duplicative." (Document No. 13-1, p. 8); (citing Hill v. Robeson County, 733 F. Supp. 2d. 676, 682 (E.D.N.C. 2010)).

Plaintiff acknowledges that "a suit against a town official in his official capacity is really a suit against the entity itself." (Document No. 17, p. 6).

Defendants arguments on this point are compelling. Since Plaintiff has listed the Town of Cramerton as a Defendant, the undersigned is convinced that claims against all Town Officials in their official capacities are redundant and should be dismissed.

**2. Individual Capacity**

Next, Defendants argue that Plaintiff fails to make any allegations which specifically implicate any of the individually named Town Officials, and that there are no allegations that any of the individual Defendants acted outside the scope of their official capacity at any time. (Document No. 13-1, pp. 9-10). See also (Document No. 1, ¶ 73). Defendants contend that even *if* Plaintiff made allegations to support a claim against individual Town Officials, such state law claims would be barred by public official immunity. Id. (citations omitted).

In addition, Defendants argue that there are no plausible claims against Town Officials pursuant to 42 U.S.C. § 1983. (Document No. 13-1, p. 11). To prove individual liability under § 1983, a plaintiff must show "'the official charged acted personally in the deprivation of the plaintiff's rights.'" Id. (quoting Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985)). Defendants contend that Plaintiff's few conclusory assertions alleging "concert" behavior by all Defendants fail to allege "*that they acted personally* in the alleged denial of Plaintiff's rights." Id. at 11 (emphasis in original). Second, concerning state law, Defendants argue that no Town Official was party to either the alleged unilateral employment contract or the Agreement; thus, Plaintiff has failed to state a claim against them. Id. at 18-19.

Plaintiff responds by arguing that Defendants' reliance on Wright is misplaced, and that Meyer v. Walls controls. (Document No. 17, pp. 10) (citing Meyer v. Walls, 347 N.C. 97 (1997)). Plaintiff argues that Wright, which concerned respondent superior liability under § 1983, is inapplicable here since Plaintiff has alleged misbehavior by each defendant and has not alleged respondent superior liability. Id. Instead, Plaintiff points to Meyer, which held that "[w]hether the allegations relate to actions outside the scope of defendant's official duties is not relevant in determining whether the defendant is being sued in his or her official or individual capacity." (Document No. 17, p. 8)(quoting Meyer, 347 N.C. at 111).

In reply, Defendants re-assert that there are not allegations that Town Officials acted outside the scope of their official capacity. (Document No. 18, p. 3-4). Defendant effectively argues that Plaintiff has failed to make adequate allegations that Town Officials acted within or outside the scope of their official duties to harm Plaintiff. Id.

The undersigned is persuaded that Plaintiff has failed to state a claim against any named Town Official. As discussed above, to survive a 12(b)(6) motion, a complaint must allege enough

7

facts, rather than legal conclusions, to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs must assert more than the "sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

Here, Plaintiff has made blanket, "naked assertions" that Defendants worked in tandem to deny him the Benefit. These assertions are, without more information, "speculative." In short, the undersigned finds that Plaintiff has not adequately stated plausible claim(s) for relief against the individually named Town Officials. As such, the undersigned will recommend dismissal of *all* individual Defendants in their individual and official capacity.

**B. Contract Claims**

    **1. Employment Contract**

Plaintiff's Fifth Cause Of Action alleges that, by refusing Plaintiff the Benefit, Defendants breached a contract. (Document No. 1, ¶ 147).

Defendants argue that Plaintiff failed to state a claim because no contract existed, and even if one did, it did not incorporate the Benefit. (Document No. 13-1, pp. 15-17). Relying on Paschal v. Meyers, Defendants argue that "'unilaterally promulgated employment manuals or policies do not become [a] part of the employment contract, unless expressly included [therein].'" Id. (quoting Paschal v. Meyers, 129 N.C. App. 23, 29 (1998)).

In response, Plaintiff argues that a unilateral contract existed between Plaintiff and Defendants involving retirement benefits. (Document No. 17, pp. 15-17). Citing a litany of cases, Plaintiff argues that North Carolina law interprets at-will employment relationships and benefit agreements as unilateral contracts. (Document No. 17, pp. 15-17). Relying on Tripp v. City of Winston-Salem, Plaintiff argues that retirement benefits are a form of deferred compensation, and a unilateral contract was formed when Plaintiff became vested in the Benefit. Id. at 16-17 (citing

8

Tripp v. City of Winston-Salem, 188 N.C. App. 577, 583 (2008)). Plaintiff further argues that Defendants' reliance on Paschal is misguided, because Paschal involved "continued employment absent an employment contract" rather than vested benefits. Id. at 16.

In reply, Defendants contend that the Benefit is not a form of deferred compensation and, therefore, was not an offer of a unilateral contract. (Document No. 18, p. 6). Second, Defendants argue that Plaintiff never vested in the Benefit, since he only had twenty-six years of employment and the Benefit required thirty years of employment to vest. Id. at 8. Third, Defendants argue that because the Town Policies disclaim any formation of an employment contract by the Benefit, no contract existed. Id. at 8–9. Fourth, Defendants argue that, even if a contract did exist, it did not incorporate the Benefit. Id.

The undersigned is persuaded that Plaintiff has adequately alleged a unilateral contract incorporating the Benefit. North Carolina law recognizes benefits promised by employers to at-will employees as unilateral contracts:

> [T]he relationship between an employer and an at-will employee is still contractual in nature. In terms of benefits earned during employment, our Court has consistently applied a unilateral contract theory to the at-will employment relationship. . . . A unilateral contract is one where the offeror is the master of the offer and can withdraw it at any time before it is accepted by performance. While the offer is outstanding, the offeree can accept by meeting its conditions.

Wray v. City of Greensboro, 247 N.C. App. 890, 894, 787 S.E.2d 433, 437 (2016); see also White v. Hugh Chatham Memorial Hosp., Inc., 97 N.C. App. 130, 131-32, (1990) ("A unilateral contract . . . has also been defined as a promise by one or an offer by him to do a certain thing in the event the other party performs a certain act. . . .").

Generally, bonuses and benefits are assumed to be given as "not a gift or gratuity, but a sum paid for services, or upon a consideration in addition to or in excess of that which would

9

originally be given." Roberts v. Mays Mills, Inc., 184 N.C. 406, 410 (1922) (quoting Kennicott v. Board of Sup'rs of Wayne County, 83 U.S. 452 (1872)). Benefits that vest over time are generally used to recruit or retain employees, and, thus, "'[i]n the context of retirement benefits, a contractual obligation exists once the employee's rights have vested.'" Tripp, 188 N.C. App. at 583 (quoting Simpson v. N.C. Local Gov't Emp. Retirement Sys., 88 N.C. App. 218 (1987)).

It appears that Plaintiff adequately alleges that the Benefit was offered as deferred compensation and thus created a unilateral contract. Plaintiff contends that the Benefit was not a gratuitous gift, but instead a sum to be paid upon additional consideration -- namely, remaining in the Town of Cramerton's employ for twenty-five, or alternatively, thirty years. Given North Carolina's presumption for viewing benefits as deferred compensation rather than gifts, Plaintiff's assertion is taken as true despite Defendants' contention that the Town Policies disclaim any contractual relationship created by the Benefit. Plaintiff alleges that his right to the Benefit vested before his retirement took effect, with alternative theories as to when. (Document No. 1, ¶¶ 140-44). Thus, according to the Complaint, Plaintiff provided his consideration and "accepted" Defendants' offer by remaining employed for the requisite interval.

Noting the early stage of the litigation and accepting Plaintiff's well pleaded allegations as true, the undersigned is persuaded that Plaintiff's Fifth Cause Of Action should not be dismissed. Thus, the undersigned will respectfully recommend that Defendants' request to dismiss Plaintiff's Fifth Cause Of Action be denied.

### 2. Third Party Contract

Plaintiff's Sixth Cause Of Action alleges that, by refusing Plaintiff the Benefit, Defendants breached the Agreement between the Towns of Cramerton and McAdenville, to which Plaintiff was a third-party beneficiary. (Document No. 1 ¶ 153). North Carolina recognizes the right of a

third-party beneficiary to sue for breach of contract by showing "'(1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was entered into for his direct, and not incidental, benefit.'" Hardin v. York Mem'l Park, 221 N.C. App. 317 (2012) (quoting LSB Financial Services, Inc. v. Harrison, 144 N.C. App. 542, 548 (2001)).

Defendants do not challenge the existence or validity of the Agreement. Moreover, Defendants acknowledge "that the purpose of the Interlocal Agreement and incorporated Implementation Plan, was to benefit Plaintiff. . . ." (Document No. 13-1, p. 18). However, Defendants do argue that the "benefit Plaintiff is seeking in this lawsuit is not provided by the Interlocal Agreement, or Implementation Plan," and thus the Agreement "does not promise or confer the [Benefit] onto Plaintiff." Id. at 17-18.

In response, Plaintiff contends that the Agreement and the Plan guaranteed to Plaintiff the Benefit, because the Plan explicitly references "employment benefits and personnel policies." (Document No. 17, p. 17) (citing Document No. 1, p. 8). Plaintiff alleges that the Benefit was an intended term of the Agreement conferred on Plaintiff. Id. Plaintiff concludes that ambiguous terms in a contract are construed against the drafting party, therefore, "[a]t a minimum, this creates a question for a jury." Id.

The undersigned is persuaded that Plaintiff has adequately alleged that the Agreement's reference to "benefits" incorporated the Benefit. Accepting Plaintiff's assertion as true, Defendants' failure to award him the Benefit may be a breach of the Agreement. Thus, the undersigned is persuaded that Plaintiff's Sixth Cause Of Action should not be dismissed at this stage and will respectfully recommend that Defendants' request to dismiss Plaintiff's Sixth Cause Of Action be <u>denied</u> without prejudice.

11

### 3. Implied Covenant of Good Faith and Fair Dealing

Plaintiff's Seventh Cause Of Action alleges that Defendants breached the covenant of good faith and fair dealing implied in the unilateral at-will employment contract and the Agreement. (Document No. 1, ¶¶ 159-66).

In seeking dismissal, Defendants argue there can be no breach of the implied covenant of good faith and fair dealing because there are insufficient allegations to show a valid contract existed. (Document No. 13-1, p. 18). Defendants decline to address Plaintiff's assertion that Defendants acted in bad faith concerning the Agreement in their argument. Id.

As discussed above, the undersigned is satisfied that Plaintiff has adequately alleged a unilateral employment contract and an explicit contract to which Plaintiff was a third-party beneficiary. Further, Plaintiff's allegations in the Complaint adequately assert actions taken in bad faith. See (Document No. 1, ¶¶ 159–166). As such, the undersigned will respectfully recommend that Defendants' request to dismiss Plaintiff's Seventh Cause Of Action be <u>denied</u> without prejudice.

The undersigned is satisfied at this stage of the litigation that Plaintiff has plausible claims for breach of contract and that issues related to these claims should be subject to discovery. The undersigned expresses no opinion as to how these claims may hold up upon review of future dispositive motions.

### C. <u>42 U.S.C. § 1983</u>

#### 1. Procedural Due Process

Plaintiff's First Cause Of Action alleges that Defendants' refusal to grant Plaintiff the Benefit without "any process, hearing, or opportunity to be heard" constitutes a violation of Plaintiff's right to procedural due process. (Document No. 1, ¶¶ 71, 74, 75). The Complaint alleges

that the Town of Cramerton guaranteed the Benefit to officers under the age of sixty-five who retired with twenty-five or thirty years of service. (Document No. 1, ¶¶ 26, 29, 30).

To properly plead a violation of procedural due process, a Plaintiff must allege both a "deprivation" of a liberty or property interest and that the liberty or property was taken without the "minimum measure of procedural protection warranted under the circumstances." Mallette v. Arlington City Employees' Suppl. Ret. Sys. II, 91 F.3d 630, 634 (4th Cir. 1996) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982)). A person has a protected property interest in government benefits to which he is entitled. Id. at 635. A person has an entitlement in a benefit, rather than "a mere expectation," when the benefit is guaranteed to him with "limit[ed] . . . discretion of the decisionmakers." Id. (quoting Board of Pardons v. Allen, 482 U.S. 369, 382 (2010) (O'Connor, J., dissenting)).

In seeking dismissal, Defendants argue that Plaintiff was "determined not to be eligible for the Benefit," and therefore, was not deprived of any vested right without due process. (Document No. 13-1, p. 22). Defendants allege that "[t]he Town's actions amount to a determination of eligibility to receive the Town created Retiree Health Benefit rather than a taking of a vested right." Id. Defendants note the Benefit was never awarded to Plaintiff. Id.

Plaintiff asserts Town Officials had no discretion as to which retirees were eligible for the Benefit, giving Plaintiff an entitlement. (Document No. 17, pp. 20-21). Plaintiff further argues that he was entitled to the Benefit under state law. (Document No. 1, ¶¶ 147, 153). Since "'[p]roperty interests . . . stem from an independent source such as state law,'" Plaintiff argues his contractual right to the Benefit created a protected property interest. (Document No. 17, pp. 20-21) (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)). In short,

13

Plaintiff contends that he has sufficiently alleged that he had a property interest that was denied him without any hearing. (Document No. 17, p. 22).

The undersigned is persuaded by Plaintiff's arguments. As discussed above, Plaintiff adequately alleges that he had a contractual right to the Benefit recognized by North Carolina law. Plaintiff contends this contractual right provided him an entitlement, rather than a "mere expectation," to the Benefit. Further, as alleged, the Benefit guarantees health insurance premium coverage to all retired police officers who meet certain criteria and does not appear to grant Defendant Town of Cramerton or Town Officials any discretion. If Plaintiff can prove he was, in fact, eligible for the Benefit, then Defendants' erroneous determination of eligibility may constitute a deprivation. According to the Complaint, Defendants denied Plaintiff the Benefit "without any process, hearing, or opportunity to be heard." (Document No. 1, ¶ 71). As such, Plaintiff's claim of a procedural due process violation is "plausible on its face."

Based on the foregoing, the undersigned will respectfully recommend that Defendants' request to dismiss Plaintiff's claim of a Procedural Due Process violation in his First Cause Of Action be <u>denied without prejudice</u>. Plaintiff's substantive due process claim was not the subject of the Motion to Dismiss and will likewise survive and proceed to discovery. <u>See</u> (Document No. 13-1, p. 2).

### 2. Contracts Clause

Plaintiff's Second Cause Of Action alleges that Defendants' refusal to grant Plaintiff the Benefit impaired the unilateral employment contract and Agreement, impermissibly impairing Plaintiff's contractual rights in violation of the Contracts Clause. (Document No. 1 ¶¶ 91, 94). A law is thus unconstitutional when the law (1) impairs a contract, (2) "operate[s] as a '*substantial impairment of a contractual relationship*,'" and (3) is not "permissible because it is 'reasonable

and necessary to serve an important public purpose.'" Cherry v. Mayor & City Council of Baltimore City, 762 F.3d 366, 371 (4th Cir. 2014) (quoting Baltimore Teachers Union v. Mayor & City Council of Baltimore, 6 F.3d 1012, 1015,18 (4th Cir. 1993)).

Defendants first argue that Plaintiff failed to adequately allege that any contract guaranteeing the Benefit to Plaintiff existed. (Document No. 13-1, p. 20). As discussed above, the undersigned is not persuaded by this argument.

In addition, Defendants argue that their alleged breach did not constitute an impairment because North Carolina did not erect a legal barrier to Plaintiff's recovery. (Document No. 13-1, pp. 20-21). A "mere breach of contract," they argue, "is not enough to amount to a violation of the Contracts Clause." Id. at 20 (citing Crosby v. City of Gastonia, 635 F.3d 634, 642 n.7 (4th Cir. 2011). Defendants contend that Plaintiff failed to allege "that any law or ordinance enacted by the Town has operated as a substantial impairment. . . ." to Plaintiff's contractual rights. Id. at 21 (internal quotations and emphasis omitted). Consequently, Defendants argue that this case parallels Crosby, wherein a defendants' denial of pension benefits did not rise to a Constitutional Violation because plaintiffs retained a state contract law remedy. Id. Because Plaintiff has pleaded three Causes Of Action under traditional state contract law, Defendants argue, Plaintiff cannot also bring a Cause Of Action under the Contracts Clause.

In response, Plaintiff asserts that the Contracts Clause claim in Crosby was not dismissed until summary judgment, "after the parties had engaged in discovery which resulted in more refined claims," and asks this Court to also allow discovery to go forward. (Document No. 17, p. 18). Plaintiff also argues that if his state law Causes Of Action are barred by public official immunity, then he will have a legal barrier, allowing him to pursue this Cause Of Action. Id. at 19.

The undersigned finds Defendants' second argument persuasive. The U.S. Constitution forbids states and subdivisions from impairing the obligations of contracts. U.S. Const. art. I, § 10, cl. 1. A law does not impair a contract if the parties to the contract "retained a state law remedy for breach of contract." Id. at 20; Cherry, 762 F.3d at 369. Thus, "recourse to § 1983 for the deprivation of rights secured by the Contracts Clause is limited to the discrete instances where a state has denied a citizen the opportunity to seek adjudication through the courts . . . or has foreclosed the imposition of an adequate remedy for an established impairment." Crosby, 635 F.3d at 640.

As discussed above, it appears Plaintiff has adequately alleged three state law claims in Causes Of Action Five through Seven. Because Plaintiffs contract claims survive, he cannot seek adjudication under section 1983 for the deprivation for rights secured by the Contracts Clause.

The undersigned will respectfully recommend that Defendants' request to dismiss Plaintiff's Second Cause Of Action for violation of the Contracts Clause, Article I, § 10 of the U.S. Constitution, be granted.

**D. North Carolina Constitution**

Plaintiff's Third and Fourth Causes Of Action allege that by refusing to provide Plaintiff the Benefit, Defendants violated Article I, §§ 1 and 19 of the North Carolina Constitution. (Document No. 1, pp. 16-21). A plaintiff may proceed with a direct claim under the North Carolina Constitution when he lacks "any other adequate remedy." Corum v. Univ. of N. Carolina, 330 N.C. 761, 785 (1992). An adequate remedy is one that provides a plaintiff with "an opportunity to enter the Courthouse doors . . . [and] a possibility of relief under the circumstances." Edwards v. City of Concord, 827 F. Supp. 2d 517, 521 (M.D.N.C. 2011).

Defendants argue these causes of action should be dismissed because Plaintiff has an adequate alternative remedy and thus may not proceed with a direct claim under the North Carolina Constitution. (Document No. 13-1, pp. 13-14). Here, Plaintiff has included three state contract law claims in his Complaint. (Document No. 1 ¶¶ 138-168). If these claims are not dismissed, Defendants argue, then Plaintiff's Third and Fourth Causes Of Action must be. (Document No. 13-1, pp. 13-14).

In response, Plaintiff argues that his state law claims are not adequate remedies because they do not allow him to fully recover. (Document No. 17, p. 14). Remedies are not adequate if they allow only equitable recovery and not money damages. See City-Wide Asphalt Paving, Inc. v. Alamance County., 132 N.C. App. 533, 538 (1999). Relying on City-Wide Asphalt, Plaintiff confusingly argues that, because he seeks injunctive relief "[i]n addition to money damages," he is somehow precluded from receiving money damages under his contract law claims. (Document No. 17, p. 14).

The undersigned finds Defendants' arguments more persuasive. As discussed above, the undersigned has not recommended dismissal of Causes Of Action Five through Seven and believes each grants Plaintiff an "opportunity to enter the Courthouse doors." Further, Plaintiff has properly requested and has the "possibility" to recover both equitable and monetary relief under these three Causes Of Action. (Document No. 1, ¶¶ 148, 154, 168). Significantly, Plaintiff's requests for damages in Causes Of Action Three and Four are identical to his request for damages in his Seventh Cause Of Action. (Document No. 1, ¶ 168).

Based on Defendants' arguments and cited authority, the undersigned will respectfully recommend that dismissal of Plaintiff's Third and Fourth Causes Of Action be <u>granted</u>.

While it appears the Complaint makes broader claims than are necessary or appropriate, the undersigned is persuaded that Plaintiff has a legitimate grievance as to the denial of the Benefit and that at least some of Plaintiff's claims should survive. The undersigned further notes that this lawsuit seems particularly amenable to early settlement discussions that might lead to some recognition of Plaintiff's years of service and a corresponding award of a reasonable health insurance benefit. The undersigned respectfully encourages counsel for the parties to meet and confer as soon as practical in an effort to resolve this case; if that effort fails, Plaintiff should file an Amended Complaint that significantly narrows the case, and the parties should promptly move forward with discovery.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion to Dismiss" (Document No. 13) be **GRANTED** in part and **DENIED** in part as follows: (1) the motion to dismiss *all* Causes Of Action against Town Officials should be **GRANTED**; (2) the motion to dismiss Plaintiff's First Cause Of Action alleging Procedural Due Process violations should be **DENIED WITHOUT PREJUDICE**; (3) the motion to dismiss Plaintiff's Second Cause Of Action pursuant to the Contracts Clause of the U.S. Constitution should be **GRANTED**; (4) the motion to dismiss Plaintiff's Third and Fourth Causes Of Action under the North Carolina Constitution should be **GRANTED**; (5) Defendant's motion to dismiss Plaintiff's Fifth, Sixth and Seventh Causes Of Action under North Carolina contract law against Defendant Town of Cramerton should be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint, consistent with the recommendation herein, on or before **September 25, 2019**.

**IT IS FURTHER ORDERED** that the parties shall file a Certification Of Initial Attorney's Conference pursuant to Local Rule 16.1 on or before **October 11, 2019**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: September 5, 2019

David C. Keesler
United States Magistrate Judge